**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 27, 2009 [*]
Decided July 13, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1505

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 97 CR 30025 |
| | |
| CHARLES R. ROBINSON IV, | Richard Mills, |
| *Defendant-Appellant*. | *Judge*. |

**ORDER**

Charles R. Robinson IV is here for the third time. His two prior visits and this one grow out of his conviction (following a jury trial) in 1997 on three drug counts contained in an indictment filed in the United States District Court for the Central District of Illinois.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Ten years ago, on his first trip to this court, we affirmed Robinson's conviction but vacated his 100-year sentence. United States v. Robinson, 164 F.3d 1068 (7th Cir. 1999). We took this step because the record in the district court failed to establish that the evidence supporting Robinson's relevant conduct determination was sufficiently reliable.

At resentencing, the district court found, on the relevant conduct issue, that Robinson was responsible "for at least 500 grams of crack cocaine." United States v. Robinson, 76 F. Supp. 2d 941 (C.D. Ill. 1999). This finding, combined with several others that are not at issue (including a determination that he was a career offender) placed Robinson not in a range, but at a spot: life imprisonment. Accordingly, pursuant to U.S.S.G. § 5G1.2(d), the court again sentenced Robinson to a term of 100 years.

Fast forward to 2008. Robinson filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c), the retroactive authority given to courts to adjust sentences based on changes in the crack to powder cocaine ratio. The court appointed the Federal Defender to represent Robinson on the motion, but a month later the Federal Defender asked to withdraw after concluding that Robinson was not entitled to relief under the amendment. The court granted the motion to withdraw, Robinson continued to press his case, and the court ultimately came to the same conclusion as did the Federal Defender. Robinson's motion was denied, and his appeal brings the case to us a third time. We dismiss his appeal for lack of jurisdiction.

Although Robinson's sentence was based in part on the guidelines for crack offenses and the Sentencing Commission subsequently amended those guidelines, the amendments did not lower Robinson's sentencing range. Although the crack amendments lowered Robinson's base offense level by 2 levels, enhancements to his base offense level make his total offense level so high that his sentencing range (i.e., life imprisonment) remains unchanged. Because Robinson's sentencing range remains unchanged, notwithstanding the guidelines amendments, the district court lacked jurisdiction, and thus authority, to reduce Robinson's sentence. Treating the denial of Robinson's motion as a dismissal for lack of subject matter jurisdiction, we affirm.